THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
Drayton Hall Charter
 Elementary School, Inc., Appellant,
v.
Charleston
 County School District Board of Trustees, Respondent.
 
 
 

Appeal From the Administrative Law Court
 Carolyn C. Matthews, Administrative Law
 Judge

Unpublished Opinion No.  2011-UP-570
Heard December 8, 2011  Filed December
 20, 2011

AFFIRMED

 
 
 
David Guy Pagliarini, of Daniel Island, for Appellant.
John F. Emerson, of Charleston, for Respondent.
 
 
 

PER CURIAM: 
 This appeal arises out of Respondent Charleston County School District Board of
 Trustees' (the Board's) denial of Appellant Drayton Hall Charter Elementary
 School's (Drayton Hall's) application to convert a neighborhood public school
 into a charter school.  Drayton Hall
 appealed the denial by the Board to the Administrative Law Court (ALC), which
 affirmed.  On appeal, Drayton Hall argues the Board:  (1) violated its own
 policies and procedures by holding a second vote after its initial vote to deny
 the application failed; (2) violated section 59-40-70(C) of the South Carolina
 Code (Supp. 2010) by failing to show the grant of charter school status would
 adversely affect other students in the district; and (3) violated section
 59-40-70(C) by improperly finding the charter school application violated the
 spirit and intent of state law.  We affirm.
1.  As to Drayton Hall's
 contention that the Board violated its own policies and procedures by holding a
 second vote at a subsequent public hearing after the first motion to deny
 Drayton Hall's application resulted in a tie vote, we find the Board complied
 with the statutory mandate to rule upon the application within thirty days.  See S.C. Code Ann. § 59-40-70(B) (Supp. 2010) ("The school board of trustees
 from which the applicant is seeking sponsorship shall rule on the application
 for a charter school in a public hearing, upon reasonable public notice, within
 thirty days after receiving the application.").  Furthermore, we find the
 result of a tie vote on a Board member's motion to deny the application
 resulted in no action on the application and did not constitute an approval of
 the application.[1]  See S.C. Code Ann. § 59-40-70(B) ("Once the application has been approved by the school board
 of trustees, the charter school may open at the beginning of the following
 year."); see also Robert's Rules of Order §44, 392 ("On a tie vote, a motion requiring a
 majority vote for adoption is lost, since a tie is not a majority.").  Because
 the result of the tie vote was that no action was taken by the Board, we find
 the motion to deny the application made at the subsequent Board meeting did not
 constitute a motion to reconsider.  See Board Policy #9365 ("An item or issue decided by the
 Board shall not be placed on the agenda for reconsideration for six months
 except by a member of the prevailing side or by a member not present when the
 issue was decided.") (emphasis added); Robert's Rules of Order §10, 106-07
 ("If a main motion that interferes with a desired action has
 been adopted, . . . the vote on [a motion to reconsider] can be made for a
 limited time during the same session . . . .") (emphasis added).
2.  As to Drayton Hall's
 remaining arguments on appeal, we find no error of law and substantial evidence
 in the record on appeal to support the findings of the ALC.  See S.C.
 Code Ann. § 1-23-610(B)(d)-(e) (Supp. 2010) (providing the standard of
 appellate review of an appeal from a final decision of an administrative agency
 is whether the findings of the ALC are supported by substantial evidence or
 affected by other error of law); Sanders
 v. S.C. Dep't of Corr., 379 S.C. 411,
 417, 665 S.E.2d 231, 234 (Ct. App. 2008) ("In determining whether the
 [ALC's] decision was supported by substantial evidence, this court need only
 find, considering the record as a whole, evidence from which reasonable minds
 could reach the same conclusion that the [ALC] reached.").  
AFFIRMED.
HUFF, PIEPER, and LOCKEMY, JJ., concur.  

[1] We note that at oral argument, counsel conceded that
 Drayton Hall is not arguing that it is entitled to a finding that the Board
 failed to rule on the application within thirty days.  See S.C. Code
 Ann. § 59-40-70(B) ("If there is no ruling within thirty days, the
 application is considered approved.").